**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARARAT MEGERDICHIAN,<br>Plaintiff,<br>v.<br>UNITED STATES DEPARTMENT OF STATE, et al.,<br>Defendants. | NO. CV 26-5746 FMO (AJRx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff filed the complaint on May 28, 2026. (See Dkt. 1, Complaint). By order dated August 27, 2026, plaintiff was ordered to show cause, on or before September 3, 2026, why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Dkt. 9, Court's Order August 27, 2026). On August 31, 2026, plaintiff filed an invalid proof of service. (See Dkt. 10, "POS"). The court struck the invalid POS and gave plaintiff a third opportunity to effectuate service. (See Dkt. 12, Court's Order of September 14, 2026) (extending service deadline to October 5, 2026). Plaintiff was admonished that "[f]ailure to comply with this Order may result in the action being dismissed for failure to effect service, failure to prosecute and/or comply with a court order." (Id.). As of the filing date of this Order, plaintiff has not filed any proper proofs of service of the summons and complaint on defendants. (See, generally, Dkt.)

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order (Dkt. 12) issued on September 14, 2026, is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.

Dated this 15th day of October, 2026.

/s/
Fernando M. Olguin
United States District Judge